## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES E. EVERETT, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1039-JWB-GEB |
| | ) |
| NAPCO PIPE AND FITTINGS, and | ) |
| WESTLAKE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on Plaintiff James E. Everett, Jr.'s Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel ("Motion") (**ECF No. 4**). For the reasons outlined below, Plaintiff's Motion is **DENIED** without prejudice as to refiling.

For parties who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel."[1] There is, however, no constitutional right to counsel in a civil action.[2] The Court, in its broad discretion, evaluates multiple factors when deciding whether to

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

[2] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

request an attorney for an indigent party.[3] In *Castner v. Colo. Springs Cablevision*,[4] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel.

The Court's appointment power must be thoughtfully and prudently used so willing counsel may be located,[5] but consideration of the increase in pro se filings and the limited number of attorneys willing to accept pro bono appointment is very important.[6] Regarding the second *Castner* factor, a plaintiff's diligence in attempting to secure counsel, the Court typically requires a party meet and confer with at least five attorneys regarding the case.[7]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff at this time. Plaintiff has satisfied the first prong of the *Castner* analysis – he is unable to afford counsel, as established in his financial affidavit and the Court's order granting his motion to proceed *in forma pauperis.*[8]

Plaintiff has searched for counsel. Plaintiff's Motion includes the names and contact information for four attorneys and two entities he contacted in his search for representation,

---

[3] *Jackson*, 2014 WL 494789, at *1.
[4] *Castner*, 979 F.2d at 1422.
[5] *Castner*, 979 F.2d at 1421.
[6] *Jackson,* 2014 WL 494789, at *3.
[7] *Id.,* at *2.
[8] ECF No. 6.

including one attorney who previously represented him in this case.[9] Because Plaintiff secured counsel at one point to represent him, it seems possible a continued search for an attorney to take on his case may prove successful. The Court is hopeful with additional time and diligence, Plaintiff may secure an attorney to represent him.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The Court has reviewed the allegations of Plaintiff's Complaint and, if taken as true, finds the facts alleged tend to support a claim under the Americans with Disabilities Act.

Plaintiff fails the fourth factor -- the plaintiff's capacity to prepare and present the case without the aid of counsel, at this time. Plaintiff's case is not unusually complex and there is no indication, at least in this early stage of litigation, Plaintiff cannot adequately represent himself. Plaintiff makes no assertion he is unable to prosecute his case without the assistance of counsel.[10] Further, thus far, Plaintiff's filings reflect some understanding of court rules and procedures, the relevant law, and he has access to local libraries for any research he deems necessary. The Court is cognizant, "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[11] as the case moves forward. Postponing a decision to appoint counsel at this early stage allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present

---

[9] According to Plaintiff's Motion, he contacted 4 attorneys, one of whom took his case for approximately a year.  He also contacted the Kansas Bar Association and the Disability Rights Center of Kansas.

[10] ECF No. 4.

[11] *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014) (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).

this case to the Court.[12] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13]

For the reasons outlined above, **IT IS ORDERED** Plaintiff James E. Everett, Jr.'s Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (**ECF No. 4**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of March 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[12] *Id.*
[13] *Zillner v. Brennan*, No. 15-9904-DDC, 2016 WL 81229, at *3 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).