IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES E. EVERETT, JR.,

        Plaintiff,

v.                                                      Case No. 23-1039-JWB

NAPCO PIPE AND FITTINGS, WESTLAKE CORP.,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant's motion to dismiss, or in the alternative, for a more definite statement. (Doc. 11.) Defendant simultaneously filed a memorandum in support of its motion. (Doc. 12.) Plaintiff has not filed a response and the time for doing so has expired. For the reasons stated herein, Defendant's motion to dismiss is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART. Defendant's motion for a more definite statement is DENIED.

**I.    Facts**

Plaintiff was employed by Defendant. In 2018, Plaintiff alleges that Defendant's fabrication department tried to fire him because of his attendance, although his termination was then recalled. Plaintiff also alleges that the fabrication department would not promote him past B-operator.[1] Additionally, Plaintiff notes that he was given a warning notice on June 25, 2020, and again on December 14, 2020, but was later praised for the same conduct that caused the write ups.

---

[1] It is not clear from this allegation whether Plaintiff is alleging that fabrication would not promote past B-operator *in general* or whether he is alleging that fabrication would not promote *him* past B-operator. Construing this allegation in the light most favorable to Plaintiff, the court assumes Plaintiff refers to a failure to promote himself.

(Doc. 1 at 3.) Plaintiff's complaint does not make clear what conduct was at issue in the warning notice.

Plaintiff had trouble breathing at work one day,[2] so his supervisor took him to the emergency room. He was treated, released, and returned to work. His supervisor instructed him to go home, and Plaintiff gave the supervisor the emergency room paperwork. (*Id.* at 12.)

Plaintiff called into work the next day to request vacation time until he could begin using Family Medical Leave Act ("FMLA") leave.[3] An unknown individual in Human Resources ("HR") worked with Plaintiff about FMLA until he received a return-to-work letter from his cardiologist on March 18, 2021. At that time, Plaintiff contacted HR and HR told him they would need to consult with legal first. On March 25, 2021, Plaintiff again called HR and HR stated: "no, the lawyer said we should fire you and we don't have to pay you any remaining vacation time." (*Id.*)

Plaintiff indicates that his claim arises under the Americans with Disabilities Act ("ADA") and identifies that his disability is heart failure. (*Id.* at 8, 11.) In the section on the form for other grounds for relief,[4] Plaintiff identifies four issues: (1) he was passed over for promotion several times; (2) he was denied advancement; (3) he was terminated, and his earned vacation pay was not paid to him; and (4) he was written up for doing his job per his job description. (*Id.* at 3.) On the complaint form, Plaintiff checked the boxes for "termination of my employment" and "retaliation," but did not check the box for "failure to accommodate my disability." (*Id.* at 11.) In another spot on the form, Plaintiff checked a box indicating that Defendant failed to accommodate his disability. (*Id.* at 12.)

---

[2] It is unclear from Plaintiff's complaint the date that this occurred.
[3] It is not clear whether Plaintiff actually took FMLA leave or just inquired about FMLA leave.
[4] This section of the form is designed for a plaintiff to list other grounds for relief by identifying other statutes under which the court's jurisdiction arises.

For damages, Plaintiff requests back pay, front pay, emotional distress damages, punitive damages, liquidated damages, and a written apology. (*Id.* at 4.) Plaintiff filed his administrative charge with the Equal Employment Opportunity Commission ("EEOC") on January 10, 2022. (*Id.* at 6.) He then filed this case with the court on March 15, 2023. (*See* Docs. 1, 2, 3, 4.) At the time of filing, Plaintiff had not yet received a right-to-sue notice from the EEOC, but nevertheless filed the case to preserve his claims. (Doc. 1 at 6.)

**II.  Standard**

To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Id.* Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

On a Rule 12(b)(6) motion, the court generally should not look to matters outside the pleadings. *Promotional Headwear Int'l. v. Cincinnati Ins. Co.*, 504 F. Supp. 3d 1191, 1196 (D. Kan. 2020). "However, the Court may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity." *Id.* (considering insurance policy attached to complaint).

The court is required to liberally construe Plaintiff's pleadings because he proceeds pro se. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

3

"Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019) (internal quotations omitted). Rule 12(e) is to be considered in light of Rule 8, which sets the guidelines for pleadings. *Muller v. Burr & Temkin South, Inc.*, Case No. 2:23-cv-02082-JAR-KGG, 2023 WL 3224178, at *1 (D. Kan. May 3, 2023). "Rule 8(a) sets forth three requirements for a Complaint: (1) a short and plain statement of the grounds of the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." *Id.* Whether to grant a motion for more definite statement is entirely within the court's discretion. *Id.*

**III.   Analysis**

   **A.  Motion to Dismiss**

It is not entirely clear from Plaintiff's complaint the specific claims he intends to bring against Defendant. Defendant and this court have done their best to identify the potential claims Plaintiff raises. Defendant argues that all of Plaintiff's claims must be dismissed for failure to state a claim. (Doc. 12 at 3.) Additionally, Defendant argues that Plaintiff's failure to promote claim must be dismissed for failure to exhaust administrative remedies. (*Id.* at 4–5.)

   *1.  Failure to Promote*

Plaintiff appears to bring a claim for failure to promote against Defendant. Defendant argues that Plaintiff has not exhausted his administrative remedies on that claim, a pre-requisite for suing for that claim. The court agrees.

4

At the outset of this analysis, the court notes that Defendant has attached a copy of Plaintiff's charge of discrimination to its memorandum in support of its motion to dismiss.[5] Ordinarily, courts are not permitted to look at matters outside the complaint on a motion to dismiss without converting the motion to a motion for summary judgment under Rule 56. *Promotional Headwear Int'l.*, 504 F. Supp. 3d at 1196. However, if a document is referred to in the complaint, central to the plaintiff's claim, and authentic, the court may consider it without converting the motion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff's complaint certainly refers to his charge of discrimination and the charge is central to Plaintiff's claims. The court has no reason to believe that the copy is not authentic, and Plaintiff has failed to file a response addressing the authenticity of the document. Accordingly, the court deems it appropriate to consider the charge.

Discrimination claims must be alleged in a charge of discrimination before the EEOC and administratively exhausted before they may be filed in court. *Mitchell v. City & Cnty. of Denver*, 112 F. App'x 662, 666 (10th Cir. 2004). A complaint before the court may encompass any discriminatory acts "like or reasonably related to the allegations of the EEOC charge." *Id.* at 667 (quotation omitted). But plaintiffs must exhaust their administrative remedies for each discrete act of discrimination, "such as termination, failure to promote, denial of transfer, or refusal to hire." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

Failure to promote is a discrete act of discrimination for which Plaintiff must have exhausted his administrative remedies. None of the allegations in Plaintiff's charge of discrimination can be construed as complaining of a failure to promote. Plaintiff does not mention that he was denied advancement or that he feels he should have been chosen for a promotion and

---

[5] Defendant does not address the legal basis for the court's consideration of this document or even acknowledge that it is generally improper for a court to consider matters outside the pleadings on a motion to dismiss.

was not. In fact, Plaintiff's charge of discrimination only mentions his concerns about his recent termination after he needed time off for his heart failure. Accordingly, Plaintiff has failed to exhaust administrative remedies on his failure to promote claim, and that claim must be dismissed.

### 2. Disability Discrimination

Defendant contends Plaintiff has not plausibly stated a claim for disability discrimination.[6] Courts use a burden-shifting framework to analyze disability discrimination claims. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1192 (10th Cir. 2018). The initial step of the burden-shifting analysis is for Plaintiff to state a prima facie case "by showing (1) 'that he is disabled within the meaning of the ADA'; (2) that he is qualified for the job held or desired; and (3) 'that he was discriminated against because of his disability.'" *Id.* (quoting *Kilcrease v. Domenico Transp. Co.*, 828 F.3d 1214, 1218–19 (10th Cir. 2016)).

Plaintiff identifies his disability as heart failure, which Defendant argues is not, in fact, a disability. (Doc. 12 at 7–8.) The court need not decide that issue, though, as the court concludes that Defendant correctly argues that Plaintiff has not shown he was a qualified individual. (*See id.* at 8.) "[T]he ADA defines 'qualified individual' as 'an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Lincoln*, 900 F.3d at 1192 (quoting 42 U.S.C. § 12111(8)). Here, Plaintiff has not stated any facts related to his qualifications for the position and whether he could continue doing his job. Plaintiff must allege facts that show he was able to perform the essential functions of his job, whatever those may be, with or without reasonable accommodations. Because

---

[6] Plaintiff may also be attempting to pursue a failure-to-accommodate claim, another version of a disability discrimination claim. To state a prima facie case for failure to accommodate, Plaintiff must show "(1) that []he is disabled; (2) that []he is 'otherwise qualified'; and (3) that []he requested a plausibly reasonable accommodation." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017) (quoting *Sanchez v. Vilsack*, 695 F.3d 1174, 1177 (10th Cir. 2012)). Plaintiff's complaint fails to state a plausible claim for failure to accommodate because he still must show he is a qualified individual. Plaintiff likewise has not alleged facts showing that he requested a plausibly reasonable accommodation.

6

Plaintiff proceeds pro se, the court deems it appropriate to allow Plaintiff to file an amended complaint alleging sufficient facts to show that he is a qualified individual with a disability capable of performing the essential functions of his position.

### 3. Retaliation

Defendant also argues that Plaintiff has not plausibly alleged a prima facie case for retaliation. (Doc. 12 at 8–9.) To make a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in protected conduct, such as protect opposition to discrimination; (2) that the employer took a materially adverse action against the plaintiff that a reasonable employee would find materially adverse; and (3) that there was a causal connection between the protected activity and the materially adverse action. *See Conroy v. Vilsack*, 707 F.3d 1163, 1181 (10th Cir. 2013).

Here, Plaintiff has not plausibly alleged that he engaged in protected conduct. It is possible that he requested an accommodation or opposed discrimination, but the facts he alleges in his complaint do not show that he engaged in this activity. Once again, because Plaintiff proceeds pro se, the court grants Plaintiff the opportunity to amend his complaint to add facts to plausibly allege retaliation.

### 4. FMLA Retaliation or Interference

Defendant argues that Plaintiff has not alleged sufficient facts to plead a claim for FMLA retaliation or interference. (Doc. 12 at 9–10.) The court agrees. Plaintiff notes in passing that he worked with an HR individual regarding FMLA. But he does not allege facts stating that he took FMLA leave or that he should have been able to take FMLA leave but was prevented from doing so. As such, the court cannot determine what type of FMLA claim Plaintiff intends to bring, if he intends to bring any FMLA claim. If Plaintiff intends to bring a claim for FMLA retaliation or

interference, Plaintiff must allege sufficient facts to plausibly state that claim in his amended complaint.

### B. Motion for More Definite Statement

Because the court grants Plaintiff leave to file an amended complaint to allege sufficient facts to support his disability discrimination claim, his retaliation claim, and his FMLA claim, the court denies Defendant's motion for a more definite statement. Defendant "must point out the defects complained of and the details desired." *May*, 394 F. Supp. 3d at 1338 (quoting Fed. R. Civ. P. 12(e)). Defendant fails to point to the specific details desired. Nevertheless, Plaintiff has been directed to amend his complaint to cure the deficiencies noted above.

### IV. Conclusion

For the reasons stated herein, Defendant's motion to dismiss is GRANTED IN PART and TAKEN UNDER ADVISEMENT IN PART. Defendant's motion for a more definite statement is DENIED.

Plaintiff's failure to promote claim is DISMISSED. Plaintiff is directed to file an amended complaint within 21 days of the date of this order to cure the deficiencies noted above with his disability discrimination claim, retaliation claim, and FMLA claim. If Plaintiff fails to do so, the court may grant Defendant's motion to dismiss without further order.

IT IS SO ORDERED this 14th day of June, 2023.

　　　　　　　　　　　　　　　　　　　　s/ John W. Broomes  
　　　　　　　　　　　　　　　　　　　　JOHN W. BROOMES  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE