## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES E. EVERETT, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 23-1039-JWB-GEB** |
| ) | |
| **NAPCO PIPE AND FITTINGS, and** ) | |
| **WESTLAKE CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff James E. Everett, Jr.'s Motion To Restate Claim ("Motion") (**ECF No. 31**). Plaintiff attaches his proposed Second Amended Complaint. The Court construes Plaintiff's Motion as one for leave to amend. For the reasons outlined below, the undersigned Magistrate Judge **GRANTS Plaintiff's Motion in part** and recommends Plaintiff's Motion be **DENIED in part**.

### I.     Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.    Background[1]

Plaintiff was a 6-year employee of Defendant NAPCO Pipe and Fittings ("NAPCO"). On January 7, 2021 Plaintiff began having difficulty breathing while on the job. He was taken to the emergency room. Plaintiff was told to refrain from working while his medical issue resolved. He went home but came back later in the day to tell NAPCO he would need to take leave. He spoke with HR about receiving vacation pay until he could begin using Family Medical Act ("FMLA") leave. Plaintiff was subsequently diagnosed with heart failure. On March 18, 2021 Plaintiff received a release to return to work. He gave the release to HR who advised they would have to talk to counsel about it. Plaintiff was terminated over the phone on March 25, 2021. On January 10, 2022, Plaintiff filed a Charge of Discrimination with the EEOC alleging discrimination which occurred on March 25, 2021 based upon retaliation and disability. The box for "continuing action" of discrimination was not checked. The original Complaint in this case was filed on March 15, 2023.[2] The EEOC issued its right to sue letter on March 28, 2023. Although not completely clear, Plaintiff initially made claims under the Americans with Disabilities Act ("ADA") and identified several issues for relief including: 1) he was passed over promotion; 2) termination/discrimination; 3) retaliation; and possibly 4) failure to accommodate.[3] He also made a claim of retaliation or interference under the FMLA.[4]

---

[1] The facts are taken from Plaintiff's Amended Complaint (ECF No. 19) and its attachments unless otherwise indicated. This background information should not be construed as judicial findings or factual determinations.

[2] Complaint – ECF No. 1.

[3] *Id.*, at 8, 11, and 12.

[4] *Id.*, at 12.

Defendants filed a Motion to Dismiss.[5] After Plaintiff failed to respond, Defendants' motion was granted in part and taken under advisement in part.[6] Plaintiff's claim for failure to promote was dismissed where Plaintiff had not exhausted his administrative remedies prior to suing on the claim.[7] On both his disability discrimination claim and any failure to accommodate, the court took these claims under advisement and allowed Plaintiff to file an amended complaint to allege "sufficient facts to show he is a qualified individual with a disability capable of performing the essential functions of his position."[8] And on both the ADA retaliation claim and any claim for FMLA retaliation or interference, the court again took the claim under advisement and gave Plaintiff the opportunity to amend his Complaint to add facts which plausibly allege retaliation or interference.[9]

Plaintiff timely filed an Amended Complaint[10] and to the extent Defendant's motion to dismiss was previously taken under advisement, it was then denied.[11] Defendants filed an Answer to Plaintiff's Amended Complaint.[12] The Court held a Scheduling Conference and set a deadline of September 15, 2023 for any motions for leave to amend.[13] Plaintiff timely filed the current Motion. He seeks leave to file a Second Amended Complaint.

---

[5] ECF No. 11.
[6] ECF No. 15.
[7] *Id.*, at 4-6.
[8] *Id.*, at 7.
[9] *Id.*, at 7-8.
[10] ECF Nos. 17 and 19.
[11] ECF No. 18.
[12] ECF No. 20.
[13] ECF No. 23.

### III.    Legal Standard

The standard for permitting a party to amend his pleadings is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading. However, in cases such as this where a party has already amended their complaint, without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2), which provides leave "shall be freely given when justice so requires."

The decision to grant or deny leave to amend is within the sound discretion of the Court.[14] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[15] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[16] However, futility of amendment is adequate justification to deny leave to amend.[17] A court is "justified in denying the motion to amend if the

---

[14] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[15] *Id.*
[16] *Id.*
[17] *Schepp v. Fremont Cnty.,* 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[18]

A complaint must plead sufficient facts to state a claim for relief that is plausible on its face in order to withstand a motion to dismiss.[19] All well-pleaded facts are accepted as true.[20] Additionally, all reasonable inferences derived from such facts are viewed in the light most favorable to Plaintiff.[21] However, conclusory allegations without supporting facts are insufficient to state a claim.[22] This Court is required to liberally construe Plaintiff's Motion as he proceeds pro se.[23] However, it is not proper for the Court to assume the role of advocate for Plaintiff.[24] And the Court will not supply "additional factual allegations to round out a plaintiff's complaint or construct a theory on plaintiff's behalf."[25]

## IV. Discussion

Similar to his initial Complaint, it is not entirely clear the specific claims Plaintiff intends to bring against Defendant. This Court and Defendant have exhaustively endeavored to identify all possible claims Plaintiff alleges in his proposed Second Amended Complaint. Defendant argues Plaintiff's Motion should be denied as the claims in his proposed Second Amended Complaint are futile.

---

[18] *Id.*
[19] *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).
[20] *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).
[21] *Archuleta,* 523 F.3d at 1283.
[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[23] *Id.*
[24] *Id.*
[25] *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

## A.    Failure to Promote

Plaintiff appears to seek to revive his claim for failure to promote in his Second Amended Complaint. District Judge Broomes previously dismissed this claim where Plaintiff failed to exhaust his administrative remedies on the claim, which is a prerequisite to his bringing suit on the claim in this Court.[26] Judge Broomes' ruling on this claim is the law of the case. Pursuant to the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."[27] Law of the case "rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."[28] Because Judge Broomes previously dismissed Plaintiff's claim for failure to promote and that decision is the law of the case, the Court finds Plaintiff's effort to revive his failure to promote claim is futile and **recommends Plaintiff's Motion be denied as to this claim**.

## B.    FMLA Claims

Plaintiff claims jurisdiction for this suit is based upon a number of FMLA regulations.[29] He alleges Defendants failed to grant him leave under the FMLA without explanation. Plaintiff alleges he called Sage Rosebrough, an HR representative at the plant, asking for FMLA leave on January 8, 2021, the day following his trip to the emergency room. He asked to use vacation time until the FMLA leave started. On February 21, 2021

---

[26] *Everett v. NAPCO Pipe & Fittings*, No. 23-1039-JWB, 2023 WL 3995635, at *3 (D. Kan. June 14, 2023).
[27] *Arizona v. California*, 460 U.S. 605, 618 (1983).
[28] 18B C. Wright & A. Miller, *Fed. Prac. & Proc.* § 4778 (3d ed).
[29] ECF No. 31.1, at 4; 29 CFR 825.400, 29 CFR 825.300(d), 29 CFR 825.302(c), 29 CFR 825.303(b), and 29 CFR 825.220 and ECF No. 31.2 at 2; 29 CFR 825.400(a)(2).

he alleges he received a letter from Nicole Larson, an HR manager, asking for a medical records release from two hospitals where he was treated. Plaintiff received return to work paperwork from his treating cardiologist which would allow him to work with certain restrictions. He faxed the paperwork to Ms. Larson on March 19, 2021. He called Ms. Larson seeking to return to work on March 23, 2021. Plaintiff alleges the manager advised she needed to speak to corporate counsel before he could return. And when Ms. Larson called on March 25, 2021, Plaintiff alleges he was told he could not return to work and the attorney said to fire him, at which point he was terminated. In the light most favorable to Plaintiff, the Court construes Plaintiff's allegations as claims for FMLA interference and FMLA retaliation.

> The FMLA allows a qualified employee to take up to twelve weeks of leave for a "serious health condition." *Dewitt v. Southwestern Bell Tel. Co.*, 845 F.3d 1299, 1318 (10th Cir. 2017) (citing The FMLA allows a qualified employee to take up to twelve weeks of leave for a "serious health condition." *Dewitt v. Southwestern Bell Tel. Co.*, 845 F.3d 1299, 1318 (10th Cir. 2017) (citing 29 U.S.C. § 2612(a)(1)(D)). The FMLA provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." *Sabourin v. University of Utah*, 676 F.3d 950, 957 (10th Cir. 2012) (quoting 29 U.S.C. § 2615(a)(1)). An employer's violation of this provision gives rise to an "interference" claim under the FMLA. *See Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1226 (10th Cir. 2012). The FMLA also forbids an employer from discharging or otherwise discriminating against an employee for opposing any practice made unlawful by the FMLA or for taking leave under the FMLA. *Smothers v. Solvay Chem., Inc.*, 740 F.3d 530, 539–40 (10th Cir. 2014) (citing 29 U.S.C. § 2615(a)(2)). An employer's violation of this provision gives rise to a retaliation

claim    under    the    FMLA.    *Id.*    at    540.[30]

The Court will look at whether Plaintiff has pled sufficient facts in support of each claim to permit amendment.

### i.    FMLA Interference

"An FMLA interference claim consists of three elements: plaintiff was entitled to FMLA leave; defendant took an adverse action that interfered with plaintiff's right to take leave; and the adverse action was related to the exercise or attempted exercise of her FMLA rights."[31] A plaintiff "is not required to 'set forth a prima facie case for each element' to successfully plead h[is] claim ... [he] is only required to 'set forth plausible claims.'"[32] An employee's entitlement to FMLA leave is subject to certain requirements under 29 USC § 2613.[33] "Kansas district courts have held that if an employer requires certification, '[f]ailure to meet the certification requirements renders the employee's absence unprotected by the FMLA.'"[34] "If an employee violates attendance policies of the company due to the uncertified FMLA forms, the employer may terminate the employee without violating the FMLA."[35] Seeking only certification information to which an employer is legally entitled does not constitute an adverse action.[36]

---

[30] *Johnson v. Norton Cnty. Hosp.*, 550 F. Supp. 3d 937, 962 (D. Kan. 2021).

[31] *Johnson,* 550 F. Supp. 3d at (D. Kan. 2021) (citing *Dalpiaz v. Carbon Cnty.*, 760 F.3d 1126, 1132 (10th Cir. 2014)).

[32] *Sheppard v. Amazon.com Servs., LLC*, No. 23-2216-JAR, 2023 WL 5574222, at *8 (D. Kan. Aug. 29, 2023).

[33] *Id.*

[34] *Id.* (citing *Robinson v. Farmers Servs. LLC*, No. 10-2244-JTM, 2010 WL 4067180, at *3 (D. Kan. Oct. 15, 2010)).

[35] *Id.*

[36] *Sheppard*, at *3.

Plaintiff does not allege sufficient facts to meet the first element, showing he was entitled to FMLA leave. He only alleges he was taken to the ER due to trouble breathing and he was told to go home because of the medications he was given. Additionally, he fails to allege sufficient facts to meet the second element, i.e., defendant took an adverse action that interfered with plaintiff's right to take leave. Plaintiff has only alleged Defendants asked for certification to which they were legally entitled. Turning to the third element, the adverse action was related to the exercise or attempted exercise of her FMLA rights, Plaintiff alleges he was denied FMLA leave. However, he certainly took time off from January 7, 2021 when he went home until at least March 19, 2021 when he called the HR manager about returning to work. He does not allege whether he suffered a loss of pay or benefits during that time. The Court finds, as pled, Plaintiff's Second Amended Complaint fails to set forth a plausible claim for FMLA interference and it is therefore futile. Therefore, the Court **recommends Plaintiff's Motion be denied as to this claim**.

## ii.    FMLA Retaliation

To plead a claim for retaliation under the FMLA, a plaintiff must first show he "engaged in protected activity; that defendant took an action that a reasonable employee would have found materially adverse; and that a causal connection exists between the protected activity and the adverse action."[37] "A plaintiff must allege circumstances that justify an inference of retaliatory motive."[38] It seems undisputed Plaintiff engaged in a

---

[37] *Johnson*, 550 F. Supp. 3d at 966 (D. Kan. 2021) (citing *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1318 (10th Cir. 2017)).
[38] *Sheppard*, 2023 WL 5574222, at *9.

protective activity when he asked for FMLA leave[39] and his termination is an action a reasonable employee would find materially adverse. A plaintiff may rely on temporal proximity alone if the adverse action "is very closely connected in time to the protected activity."[40] Plaintiff alleges he called Defendants' HR representative on January 8, 2021 to ask for leave under the FMLA. He was terminated on March 25, 2021, just eleven weeks later. Although not finding the temporal proximity between the two is sufficient to establish a causal connection, the Court finds Plaintiff has pled sufficient facts upon which to permit amendment including a claim for FMLA retaliation. **The Court grants Plaintiff's Motion as to this claim.**

### C.    ADA Claims

The Court questions whether Plaintiff any longer intends to bring any claims under the ADA. In both his original Complaint and First Amended Complaints Plaintiff checked or otherwise included his lawsuit was based upon the ADA.[41] In his proposed Second Amended Complaint, he no longer does.[42] Instead, for the basis of his lawsuit he checks the box for "Other" setting forth an FMLA statue and regulation and adds "Additional to

---

[39] *Wehrley v. Am. Fam. Mut. Ins. Co.,* 513 F. App'x 733, 742 (10th Cir. 2013) (Tenth Circuit following other circuits finding notifying employer of intent to take FMLA leave is protected activity.)

[40] *King v. Bd. of Cnty. Comm'rs of Johnson Cnty.,* No. 21-2049-KHV, 2022 WL 1500652, at *9 (D. Kan. May 12, 2022).

[41] ECF No. 1, at 8 (checks box indicating suit is based upon "Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.,* for employment discrimination on the basis of disability.") and 11 (checks box indicating he was discriminated against because of "my disability or perceived disability, which is Heart Failure."); ECF No. 19, at 7 (types in "American with disabilities Act of 1990, as amended, 42 U.S.C. 12101, et seq., for employment Discrimination on the basis of disability.") and 9 (checks box indicating he was discriminated against because of "my disability or perceived disability, which is Heart Failure.").

[42] ECF No. 31.2, at 1 and 3.

EEOC, Personal dislike by management & employees."[43] And he no longer includes he believes he was discriminated against because of his disability or perceived disability. Again, he checks the box for "other" repeating "Additional to EEOC, Personal dislike by management & employees as to his believe that he was discriminated against."[44]

### i.    Discrimination

Judge Broomes in deciding Defendants' Motion to Dismiss on the ADA disability claims found the following.

> Plaintiff identifies his disability as heart failure, which Defendant argues is not, in fact, a disability. (Doc. 12 at 7–8.) The court need not decide that issue, though, as the court concludes that Defendant correctly argues that Plaintiff has not shown he was a qualified individual. (*See id.* at 8.) "[T]he ADA defines 'qualified individual' as 'an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Lincoln*, 900 F.3d at 1192 (quoting 42 U.S.C. § 12111(8)). Here, Plaintiff has not stated any facts related to his qualifications for the position and whether he could continue doing his job. Plaintiff must allege facts that show he was able to perform the essential functions of his job, whatever those may be, with or without reasonable accommodations. Because Plaintiff proceeds pro se, the court deems it appropriate to allow Plaintiff to file an amended complaint alleging sufficient facts to show that he is a qualified individual with a disability capable of performing the essential functions of his position.[45]

---

[43] ECF No. 31-2, at 2.
[44] *Id.*, at 3.
[45] *Everett v. NAPCO Pipe & Fittings*, No. 23-1039-JWB, 2023 WL 3995635, at *4 (D. Kan. June 14, 2023).

Judge Broomes' order directed Plaintiff on what he needed to plead to set forth an ADA discrimination claim. It if it is Plaintiff's intent to continue to assert an ADA discrimination claim, the Court finds his proposed Second Amended Complaint fails to allege facts to show he was able to perform the essential functions of his job, with or without reasonable accommodations. As pled, the Court finds Plaintiff's proposed Second Amended Complaint fails to set forth a plausible claim for ADA discrimination and it is therefore futile. Therefore, the Court **recommends Plaintiff's Motion be denied as to this claim**.

### ii.    Retaliation

Again, reviewing Judge Broomes' decision on Defendants' Motion to Dismiss on the ADA retaliation claims, after setting forth what must be alleged to show a prima facie case for retaliation, he found the following.

> Here, Plaintiff has not plausibly alleged that he engaged in protected conduct. It is possible that he requested an accommodation or opposed discrimination, but the facts he alleges in his complaint do not show that he engaged in this activity. Once again, because Plaintiff proceeds pro se, the court grants Plaintiff the opportunity to amend his complaint to add facts to plausibly allege retaliation.[46]

Hereto, the Court questions whether it remains Plaintiff's intent to pursue an ADA retaliation claim, but to the extent he does, the Court finds his proposed Second Amended Complaint fails to plausibly allege he engaged in protected conduct. The Court finds Plaintiff's proposed Second Amended Complaint fails to set forth a plausible claim for

---

[46] *Id.*

ADA retaliation and it is therefore futile. Therefore, the Court **recommends Plaintiff's Motion be denied as to this claim**.

### D.    Harassment and Discrimination Claims

Plaintiff's proposed Second Amended Complaint sets forth certain claims not previously alleged. Those claims include of discrimination by receiving various attendance warnings for no call, no show or tardiness in 2018[47] and warning notices related to the quality of his work in 2020.[48] Additionally, it includes a claim of harassment by male co-workers discussed with the plant operations manager and HR which occurred in 2019.[49] In the light most favorable to Plaintiff, the Court construes Plaintiff's allegations as a claim for hostile work environment under Title VII. Defendants allege and the Court agrees Plaintiff has failed to exhaust his claim with respect to claims of discrimination, harassment, or hostile work environment making Plaintiff's claims futile.

---

[47] ECF No. 31-2, at 3 (checking box conduct complained of in this lawsuit involves "other" and writing "[d]iscriminate" to specify) and at 4 (writing "Attendance warning notice, No call, no show May 7, 2018 3 points per IV absentee/tardy point values of the attendance policy. Supervisor Shawn Lutman Fabrication attendance warning notice dates begin January 27, 2018 and end on October 9, 2018 with another 3 points no call no show attendance warning notice on June 14, 2018 that at that time 7 points and according to the attendance points system accumulation equals termination.")

[48] *Id.*, at 3 (writing "Employee warning notice dated June 15, 2020 Quality write up by Chuck Colfield failed to notify supervisor or lead again on November 20, 2020 Quality ran 2 shifts with spigot and taper too long and documented it as long, and failed to notify supervisor or lead.")

[49] *Id.*, at 3 (checking box conduct complained of in this lawsuit involves "harassment.") and at 5 (writing "Letter dated October 25, 2019 by Terry Moege, Operations manager to Tim Covert Plant Manager and Saige Rosebrough HR Rep. James stopped by to talk to me about harassment by Jacob Bordayo and Robert Chambers. He wants it to stop, per personal (sic) file sent by defendants.")

The letter reporting the alleged harassment is dated October 25, 2019[50] and the latest allegation of discrimination is a write up for lack of quality dated December 14, 2020.[51] "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter."[52] "This individual filing requirement is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims."[53] The purpose of requiring exhaustion of remedies is to "to give notice of the alleged violation to the charged party;"[54] and "to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance."[55] "[T]o promote the purposes of the exhaustion rule, "plaintiff's claim in court 'is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'"[56] Failure to exhaust administrative remedies is not a jurisdictional prerequisite.[57] It is instead, an affirmative defense.[58] The affirmative defense,

---

[50] *Id.*

[51] *Id.*, at 4.

[52] *Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166, 1181 (10th Cir. 2018) (quoting *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004).

[53] *Id.*

[54] *Abouelenein v. Kansas City Kansas Cmty. Coll.,* No. 18-2670-DDC, 2020 WL 1528500, at *6 (D. Kan. Mar. 31, 2020) (quoting *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F3d 1266, 1274 (10th Cir. 2018)).

[55] *Id.*

[56] *Id.*

[57] *Lincoln,* 900 F.3d at 1185.

[58] *Id.*, at 1185-86.

however, if timely raised can be dispositive.[59] "The 'distinction between a jurisdictional requirement and an affirmative defense is immaterial' in a case where a party has 'properly presented' [the issue] for decision."[60]

      Plaintiff admits he did not raise these claims in his EEOC charge. Plaintiff did file a charge of discrimination against Defendants with the EEOC on January 10, 2022.[61] However, in his attachment to paragraph 10 of his proposed Second Amended Complaint regarding the essential facts of these claims, Plaintiff begins "[i]n addition to the charges set out in the EEOC charge of Discrimination and Retaliation"[62] and sets forth additional claims, including his claims of harassment and discrimination.[63] Even had he included them, the events complained off took place at the latest on December 14, 2020 and would have been raised too late in his January 10, 2022 EEOC charge.

> Title VII requires a litigant to file a claim within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e–5(e)(1). The very precision of this requirement—not a year, not six months, not the state law statute of limitations for comparable causes of action—bespeaks Congress's concern. Title VII is not intended to allow employees to dredge up old grievances; they must promptly report and take action on discriminatory acts when they occur. Unlitigated bygones are bygones.[64]

---

[59] *Abouelenein,* at *7 (citing *Fort Bend Cnty. v. Davis*, --- U.S. ---, 139 S.Ct. 1843, 1846, 204 L.Ed. 2d 116 (2019)).

[60] *Id.* (quoting *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018)).

[61] ECF No. 31-2, at 2.

[62] ECF No. 31-2, at 4.

[63] ECF No. 31-2, at 5.

[64] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005).

Although the Tenth Circuit recognizes the continuing violations doctrine for Title VII claims,[65] Plaintiff has not pled facts to support a plausible claim under continuing violation doctrine. Other than the claims referenced above, there are no claims related to Title VII harassment or discrimination after December of 2020. Any later pled facts relate to his FMLA retaliation and interference claims discussed, *supra*. December 14, 2020 is well beyond the 300 day period prior to filing his EEOC charge on January 10, 2022. Even construing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff's proposed Second Amended Complaint fails to set forth plausible claims for harassment, discrimination, or hostile work environment under Title VII and are therefore futile. Therefore, the Court **recommends Plaintiff's Motion be denied as to these claims**.

### F.    Personal Dislike by Management and Employees

Plaintiff in his proposed Second Amended Complaint alleges discrimination based upon "[p]ersonal dislike by management & employees."[66] Title VII makes an unlawful employment practice discrimination with respect to an employee's "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[67] A prima facie case of discrimination "must consist of evidence that (1) the victim belongs to a protected class; (2) the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving

---

[65] *Id.*

[66] ECF No. 31-2, at 3 (checked "other" box regarding his belief he was discriminated against and wrote "[a]dditional to EEOC, Personal dislike by management and employees.")

[67] 42 U.S.C. § 2000e-2(a)(2).

rise to an inference of discrimination."[68] "Personal animosity is not the equivalent of ... discrimination and is not proscribed by Title VII."[69] As pled, Plaintiff has not alleged he belongs to a protected class under Title VII. Although he was terminated, he has failed to plead sufficient facts which would give rise to an inference his termination was due to discrimination. Therefore, the Court finds Plaintiff's proposed Second Amended Complaint fails to set forth a plausible claim for discrimination under Title VII based due to personal dislike of him by management or other employees and it is therefore futile. Therefore, the Court **recommends Plaintiff's Motion be denied as to this claim**.

For the reasons set forth above, the undersigned Magistrate Judge **GRANTS** Plaintiff James E. Everett, Jr.'s Motion To Restate Claim **(ECF No. 31) in part** and recommends Plaintiff's Motion be **DENIED in part**.

**IT IS THEREFORE ORDERED** Plaintiff's Motion  regarding his claim for FMLA retaliation is **GRANTED** and such claim shall be permitted to proceed.

---

[68] *Dodson v. Flying Dove, Inc.,* No. 18-4034-SAC, 2019 WL 1922153, at \*9 (D. Kan. Apr. 30, 2019), *aff'd,* 794 F. App'x 778 (10th Cir. 2019).

[69] *Almon v. Goodyear Tire & Rubber Co.,* No. 07-4104-SAC, 2009 WL 1421199, at \*7 (D. Kan. May 20, 2009) (quoting *McCollum v. Bolger*, 794 F.2d 602, 609-10 (11th Cir. 1986), *cert. denied*, 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987)); *see also Dodson v. Flying Dove, Inc.*, No. 18-4034-SAC, 2019 WL 1922153, at \*10 (D. Kan. Apr. 30, 2019), *aff'd*, 794 F. App'x 778 (10th Cir. 2019) (citing *Platner v. Cash & Thomas Contractors, Inc.,* 908 F.2d 902, 905 (11th Cir. 1990) (noting "[i]n short, a personal feud, animosity, or dislike of another, and favoritism for your own relatives are not motives prohibited by Title VII.")

**IT IS RECOMMENDED** Plaintiff's Motion as to all other claims be **DENIED**.

Dated at Wichita, Kansas this 12th day of January 2024.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge