IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES E. EVERETT, JR.,

       Plaintiff,

v.                                                                                            Case No. 23-1039-JWB

NAPCO PIPE AND FITTINGS, et al.,

       Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's "Supplemental Response" (Doc. 47) to Magistrate Judge Gwynne E. Birzer's Order and Report and Recommendation ("R&R") (Doc. 44) granting in part and recommending denial in part of Plaintiff's motion for leave to file a second amended complaint. (Doc. 31.) After review, the court interprets Plaintiff's Supplemental Response as an objection to the R&R.

**I.  Facts**

The underlying facts in this matter have previously been laid out by this court and by Magistrate Judge Birzer's R&R. (See Docs. 15, 44.) Plaintiff was employed by Defendant. In 2018, Plaintiff alleges that Defendants' fabrication department tried to fire him because of his prior work attendance. However, Plaintiff contends that the true impetus of his dismissal was his heart failure diagnosis. On January 10, 2022, Plaintiff filed a claim for retaliation and discrimination with the EEOC. (Doc. 31-1, at 8.) He received a right to sue letter on March 28, 2023. (Doc. 16.)

After Plaintiff filed his complaint, Defendants moved for dismissal and, in the alternative, moved for a more definite statement. (Doc. 11.) After Plaintiff failed to respond, Defendants' motion was granted in part and taken under advisement in part. (Doc. 15.) Although Plaintiff's

1

claim for failure to promote was dismissed, Plaintiff was given the opportunity to amend his complaint regarding his disability discrimination claim and retaliation claim under the Americans with Disabilities Act ("ADA) and his claims under the Family and Medical Leave Act of 1993 ("FMLA"). *Id*.

Plaintiff timely filed an amended complaint on July 19, 2023, and the outstanding motion to dismiss previously taken under advisement was denied. (Doc. 18, 19.) Defendants filed an answer on August 8, 2023. (Doc. 20.) Plaintiff then moved to amend his complaint a second time on September 19, 2023. (Doc. 31.) Attached to his motion were two proposed complaints that collectively referred to potential claims under the ADA, FMLA, and Title VII. (Doc. 31-1, 31-2.) Magistrate Judge Birzer entered the R&R on January 12, 2024, which granted the motion to amend with respect to an FMLA retaliation claim but recommended that this court deny Plaintiff's motion with respect to the other claims due to Plaintiff's failure to allege sufficient facts. (Doc. 44.) Plaintiff responded by filing a "Supplemental Responses to the Order" on January 24, 2024, which the court construes as an objection. (Doc. 47.) However, this document does not identify any error by the magistrate judge, but more so attempts to supplement the proposed complaints with additional facts and law. *Id.*

## II. Standard

When a dispositive matter is ruled upon by a magistrate judge, the court is to conduct a de novo review. Fed. R. Civ. P. 72(b)(3). When a non-dispositive pretrial matter is ruled upon by a magistrate judge and a timely and specific objection to the ruling is made, the district judge is required to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order

unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011)).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.    Analysis**

As an initial matter, Plaintiff's objection fails to specifically address Magistrate Judge Birzer's ruling. Rather, the document appears to be Plaintiff's attempt to add law and facts to his complaint. The court finds that Plaintiff's filings are not proper objections to the R&R, and Plaintiff's failure to properly object to any portion of the R&R leaves him with no entitlement to appellate review. *Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D.

Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court ...' "). "In the absence of timely objection, the district court may review a magistrate ... [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Accordingly, the court will review Plaintiff's objection under the clearly erroneous or contrary to law standard.

Generally, "pro se parties . . . should be given leave to amend." *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014). Nevertheless, this court has already granted the pro se plaintiff here an opportunity to amend his complaint to cure the deficiencies regarding his ADA and FMLA claims. *See* (Doc. 15.) Moreover, this court has already dismissed Plaintiff's claim for failure to promote due to his failure to exhaust administrative remedies. *Id.*

In his proposed second amended complaint, Plaintiff arguably attempts to re-raise his failure to promote claim and modify his current FMLA and discrimination claims.[1] Amendments to complaints should be given freely, unless there is an "apparent or declared reason" such as a "failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, as noted in the R&R, a court is "justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim." *Schepp v. Fremont Cnty.*, 900 F.2d 1448, 1451 (10th Cir. 1990). After reviewing

---

[1] With respect to the failure to promote claim, in the Supplemental Response, Plaintiff states, "Plaintiff's motion for failure to promote be dismissed because it isn't part of the EEOC charge." (Doc. 47, at 1.) This statement appears to concede that he is not trying to revive his failure to promote claim. This amounts to an alternative basis to conclude that no such claim should be allowed to proceed in this case.

the proposed amended complaints, Magistrate Judge Birzer determined that only the FMLA retaliation claim had sufficient factual pleading to justify allowing an amended complaint. She granted Plaintiff's motion to amend with regard to his FMLA retaliation claim only and recommended denying the motion with regard to the rest of the claims. (Doc. 44.) Plaintiff's "supplemental response" does not contest this recommendation, but merely attempts to add additional facts that should have been included or noted in the proposed second amended complaints. The court does not consider arguments or new facts that are asserted for the first time in an objection. *See Marshall*, 75 F.3d at 1426. Plaintiff failed to raise these facts before the magistrate judge in the proposed amended complaint and the court will not consider them here.

Additionally, Plaintiff also arguably seeks to assert two new claims regarding workplace harassment[2] and a claim related to "[p]ersonal dislike by management & employees." (Doc. 31-2, at 3.) As noted in the R&R, Plaintiff has not only failed to allege sufficient facts for any Title VII harassment or discrimination claim, but he also failed to include these claims in his EEOC charge. (Doc. 44, at 13-17.) Moreover, in his supplemental response to the R&R, Plaintiff concedes that these two claims "[were] not meant to be in the claim of discrimination." (Doc. 47, at 3.) Accordingly, Plaintiff's motion to amend to add these claims is denied.

The court has thoroughly reviewed Plaintiff's proposed amended complaints and the analysis in the R&R. After review, the court finds that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72, advisory committee note (1983 Addition).

## IV. Conclusion

For the reasons stated in Magistrate Judge Birzer's R&R and the reasons stated herein, the court finds that Plaintiff has only pled facts that present a cognizable FMLA retaliation claim to

---

[2] Magistrate Judge Birzer construed this claim as a Title VII hostile work environment claim. (Doc. 44, at 13.)

justify allowing him to file a second amended complaint.  Magistrate Judge Birzer's R&R (Doc. 44) is hereby ADOPTED, and the Plaintiff's motion to amend his complaint (Doc. 31) is DENIED as set forth herein.  For sake of clarity, the court notes that the magistrate judge granted Plaintiff's motion to amend as to the FMLA retaliation claim, and that ruling is not disturbed by this order.  Rather, the court agrees with the magistrate judge's recommendations that Plaintiff's motion to add claims beyond the FMLA retaliation claim be DENIED.  Not later than September 16, 2024, Plaintiff shall file a second amended complaint setting forth only those portions of his proposed second amended complaint that relate to the FMLA retaliation claim.

IT IS SO ORDERED.  Dated this 9th day of September, 2024.

    __s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE