IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES E. EVERETT, JR.,

        Plaintiff,

v.                                                          Case No. 23-1039-JWB

NAPCO PIPE AND FITTINGS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss and to strike certain parts of the Second Amended Complaint for failing to comply with the instructions from this court. (Doc. 58.) The motion is fully briefed and ripe for decision. (Doc. 58, 62, 63, 64.) The motion is GRANTED IN PART and DENIED IN PART for the reasons stated herein.

**I.    Facts and Procedural History**

The underlying facts in this matter have previously been laid out by this court based on Plaintiff's previous complaints. *See also Everett v. NAPCO Pipe & Fittings*, No. 23-1039-JWB, 2023 WL 3995635 (D. Kan. June 14, 2023); *Everett v. NAPCO Pipe & Fittings*, No. 23-1039-JWB, 2024 WL 4116647 (D. Kan. Sept. 9, 2024). The facts now are taken from Plaintiff's Second Amended Complaint ("SAC"). (Doc. 57.) Defendants employed Plaintiff, who attempted to take leave under the Family and Medical Leave Act ("FMLA") while he recovered from a heart condition in January of 2021. Defendants terminated Plaintiff's employment in March of 2021 after he received a release to return to work. Plaintiff contends that the true impetus of his dismissal was his heart failure diagnosis and retaliation for requesting FMLA leave. On January

10, 2022, Plaintiff filed a claim for retaliation and discrimination under the FMLA with the EEOC. (Doc. 31-1, at 8.)  He received a right to sue letter on March 28, 2023.  (Doc. 16).

After Plaintiff filed the present case, Defendants moved for dismissal or, in the alternative, for a more definite statement.  (Doc. 11.)  When Plaintiff failed to respond, Defendants' motion was granted in part and taken under advisement in part.  (Doc. 15.)  Although Plaintiff's claim for failure to promote was determined to be deficient, Plaintiff was given the opportunity to amend his complaint.  (*Id*.)  Plaintiff timely filed an amended complaint on July 19, 2023, and so the outstanding motion to dismiss was denied.  (Doc. 18.)  Defendants filed an answer on August 8, 2023.  (Doc. 20.)  On September 15, 2023, Plaintiff moved to amend his complaint a second time.  (Doc. 31.)  Magistrate Judge Gwynne E. Birzer recommended granting the motion with regard to only an FMLA retaliation claim and denied on all other grounds.  (Doc. 44.)  The undersigned adopted that recommendation in full.  (Doc. 55.)  The court ordered that Plaintiff file a "second amended complaint setting forth only those portions of his proposed second amended complaint that relate to the FMLA retaliation claim." (*Id.* at 6.)

Plaintiff then filed his SAC on September 19, 2024.  In filing the SAC, Plaintiff used a standard Employment Discrimination Complaint form taken "from the courts [sic] website because there is no Retaliation Form." (Doc. 62 at 2.)  In this SAC, Plaintiff alleges that he was a 6-year employee of NAPCO Pipe & Fittings, which is a Westlake company.  While on the job in January 2021, Plaintiff had chest pain and difficulty breathing and was later diagnosed with heart failure in March 2021.  (Doc. 57 at 6.)  During this time, Plaintiff alleges that he discussed using his vacation time and taking leave under the FMLA with various managers and employees of Defendants, although no FMLA paperwork was officially filed.  (*Id*. at 6–7.)  On March 23, 2021, Plaintiff received a return-to-work clearance, but Defendants fired Plaintiff on March 25, 2021,

2

when he attempted to resume his employment. (*Id*.)  Plaintiff then alleges Defendants interfered with his attempt to claim unemployment benefits by arguing that he had been fired for cause for failing to attend work. (*Id*.)

Plaintiff argues that by firing him Defendants retaliated against him under several laws, in addition to harboring "[p]rejudice and [a]nimosity against the Plaintiff." (Doc. 57 at 2; 6, ¶¶ 1–8.) He also alleges that various management staff employed by Defendants knew of his intent to take FMLA leave (even though paperwork was never officially filed), but that they nevertheless fired him when he attempted to return to work. (*Id*. at 7–8.)  In their first pleading responding to the SAC, Defendants assert that the SAC violates the court's order requiring him to only include a claim of FMLA retaliation.  Defendants move to dismiss Plaintiff's SAC to the extent he continues to assert claims for FMLA interference, disability discrimination, disability retaliation, and harassment under Federal Rule of Civil Procedure 12(b)(6).  Defendants also move to "strike from the Second Amended Complaint any allegations related to such claims or otherwise exceeding the scope of the Court's order" under Rule 12(f). (Doc. 58 at 6.)  Plaintiff contends that he is "doing the best he can to express to the Courts the facts he believes are necessary to convey what caused the Defendants to commit the Retaliation in the first place." (Doc. 62 at 2.)

**II.   Standard**

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the counterclaim plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's

consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Rule 12(f) of the Federal Rules of Civil Procedure provides that courts may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While courts in this district generally disfavor motions to strike, *see Sawo v. Drury Hotels Co., LLC*, No. 11-CV-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011), the decision of whether to strike a portion of the pleadings is within the court's discretion. Fed. R. Civ. P. 12(f); *Scherer v. U.S. Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003) (unpublished). Courts generally "decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." *Harrington v. Kansas*, No. 20-CV-4081-HLT-KGG, 2021 WL 860947, at *2 (D. Kan. Mar. 8, 2021) (citing *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011)). Moreover, if the facts pled "aid in giving a full understanding of the complaint as a whole, they need not be stricken." *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215-16 (D. Kan. 1998). As a result, "any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *Rajala v. McGuire Woods, LLP*, No. 08-CV-02638-CM, 2011 WL 91948, at *2 (D. Kan. Jan. 11, 2011).

### III. Analysis

As an initial consideration, this court has previously denied Plaintiff's attempt to include claims beyond FMLA retaliation in his SAC (including FMLA interference, ADA discrimination and retaliation, harassment, and hostile workplace claims). (Docs. 44, 55.) The court also

instructed Plaintiff to file a second amended complaint that only set forth facts related to his claim of retaliation. Therefore, the question here is whether Plaintiff attempts to re-raise these dismissed claims in his SAC.

In reviewing the complaint, it appears clear that Plaintiff is attempting to comply with the court's instructions with regard to drafting his SAC. He used a standard Employment Discrimination Complaint form but attempted to limit its use to only retaliation claims. This was shown by Plaintiff using the "other" category on the initial complaint section (as opposed to checking discrimination claim boxes). (Doc. 57 at 1–2, ¶ 1.) Additionally, at the "Nature of the Case" section, Plaintiff only checked termination of employment and retaliation as the conduct at issue in this case (along with some other fact allegations in an attachment). (*Id*. at 3, ¶ 8.) However, there do appear to be certain statements in Plaintiff's SAC regarding harassment and discrimination which exceed the claim limits set by the previous order of this court.[1] The court will not fault Plaintiff for using a standard discrimination complaint form as a non-lawyer, but the court's prior order was clear: Plaintiff was only granted leave to amend as to his FMLA retaliation claim. Plaintiff did not seek reconsideration of that order. Therefore, Defendants' motion to dismiss in part is granted to the extent Plaintiff is attempting to bring any claim other than FMLA retaliation.

---

[1] The court notes that Plaintiff appears to concede in his pro se response and surreply to Defendants' motion that he is only attempting to raise the facts and claims in his SAC to show FMLA retaliation. (Doc. 62 at 1; Doc. 64 at 4–5.) In his pro se surreply, Plaintiff correctly notes that "the evidence of the FMLA interference, discrimination and retaliation would fall under the same laws of the FMLA and therefore would be the stepping stones to the retaliation [sic]." (Doc. 64 at 2.) However, in both his response and his surreply, Plaintiff appears to also argue that his newly pled facts in the SAC would support the previously dismissed claims for FMLA interference, discrimination, and harassment. (Doc. 62 at 3–4; Doc. 64 at 5–6.) Thus, without a clear and direct waiver of FMLA interference and discrimination claims, the court will attempt to interpret Plaintiff's SAC in a way that properly construes Plaintiff's good faith efforts to comply with the orders of this court while also providing Defendants with certainty as to which claims they are now answering.

Defendants also seek to strike various allegations of fact on the basis that they are not related to Plaintiff's FMLA retaliation claim. The court has reviewed the SAC and Defendants' arguments on this point. Rule 12(f) is not an invitation to have the court split hairs over the propriety of a multitude of factual allegations which have not been shown to be prejudicial to Defendants. *See Kirby v. Broken Skull Trucking Inc.*, No. 21-1238-JWB-GEB, 2022 WL 392298, at *3 (D. Kan. Feb. 9, 2022) (discussing that the party bringing a disfavored motion to strike bears a demanding burden of showing that the allegation sought to be stricken are prejudicial to the moving party). Given that the burden on showing prejudice lies with the party bringing the motion to strike, "[p]rejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Foster v. Pfizer Inc.*, No. 00-1287-JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000). Here, the contested statements are several sentences of fact in Plaintiff's pro se SAC, and do not impose an undue burden on Defendants. Engaging in bickering over individual factual allegations in a complaint can result in a waste of limited judicial resources. The court finds nothing in the individual allegations that merit that sort of investment of time. Accordingly, Defendants' motion to strike allegations under Rule 12(f) is denied.

### IV.   Conclusion

Defendant's motion to dismiss claims that exceeded the court's order allowing Plaintiff to amend his complaint and striking such claims from the Second Amended Complaint (Doc. 58) is GRANTED IN PART AND DENIED IN PART. The motion to dismiss Plaintiff's claims for FMLA interference, disability discrimination, and harassment is GRANTED insofar as those claims could be inferred from Plaintiff's statements in the Second Amended Complaint. Defendant's motion is otherwise DENIED.

IT IS SO ORDERED.  Dated this 9th day of July, 2025.

                                            s/ John W. Broomes
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE