IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EVERETT, JR.,

       Plaintiff,

v.                                       Case No.  23-1039-JWB

NAPCO PIPE AND FITTINGS, et al.,

       Defendants.[1]

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for summary judgment.  (Doc. 85.) The motion has been fully briefed and is ripe for decision.  (Docs. 86, 88, 91.)  The motion is GRANTED for the reasons stated herein.

## I.     Facts

Under this court's local rules, facts set forth in a motion for summary judgment are deemed uncontroverted if they are supported by evidence and the opposing party fails to controvert the facts.  D. Kan. R. 56.1.  Here, Plaintiff was provided notice of Defendant's motion for summary judgment and the relevant rule provisions.  (Doc. 87.)  Plaintiff was also informed that the facts will be deemed uncontroverted unless they are specifically controverted.  (*Id.*at 5.)  Plaintiff failed to specifically controvert the facts set forth in Defendant's motion.  As a result, the supported facts set forth in Defendant's motion are uncontroverted.  Plaintiff also failed to comply with the rules by setting forth numbered factual statements.  Instead, his response is one and a half pages long with a citation to exhibits after the argument section.  This is not a proper statement of facts as

---

[1] There are two named Defendants in this matter, Napco Pipe and Fittings and Westlake Pipe & Fittings Corporation. Based on the pretrial order and other filings, it appears that they are the same entity. (Doc. 83 at 2; 85 at 1.)  The court will refer to both named Defendants as a singular entity.

required by the rules. However, Defendant has attempted to respond to the assertions. To the extent Plaintiff's statements are supported by citations to evidence, the court has considered them. If they are not supported by evidence and objected to by Defendant, the court has not considered them as proper facts. The following facts are material to the issues on summary judgment and uncontroverted.

Defendant is a polyvinyl chloride pipe manufacturer and operates a facility in McPherson, Kansas. (Doc. 83 at 2.) In 2014, James E. Everett, Jr. ("Plaintiff") was assigned to work at the McPherson facility through a staffing agency and, in 2015, was hired on permanently. (*Id.*) Upon being hired permanently, Plaintiff received Defendant's employee handbook. (Doc. 86-2.) Plaintiff was also provided with Defendant's attendance policy during his employment. The policy provides that "two consecutive absences without notification may be considered a voluntary resignation and result in loss of employment." (Doc. 86-3 at 1.) Plaintiff also received an attendance policy for the McPherson site which stated that an employee's accumulation of seven points in any twelve month period will result in separation of employment. (Doc. 86-4 at 2.) Pursuant to that policy, an employee receives three points for not showing up for a shift and not calling to notify the company. (*Id.*)

On January 7, 2021, Plaintiff became ill while working. He had difficulty breathing and chest pain. He was taken to the emergency room and treated. Plaintiff was administered morphine and allowed to go home after a few hours. (Doc. 86-1, Plaintiff Depo. 75:13–76:7.) Within three days of his discharge, Plaintiff requested to use paid vacation due to the medical condition for the work hours he missed on January 7, as well as for his shifts scheduled January 11, 12, 15, 16, and 17. (*Id.* at 82:9–83:21.) Plaintiff's request to use paid vacation was approved for those dates. On January 13, Saige Rosebrough, an HR representative, emailed Plaintiff a short-term disability form

for Plaintiff to complete and return.  (*Id.* at 86:6–87:9; Docs. 86-5, 86-6.)  Plaintiff testified that although he signed the form, he did not return it to Ms. Rosebrough because he was "throw[n] in jail."  (Plaintiff Depo. at 86:13–20.)  Plaintiff's next scheduled shifts were January 20 and 21. Plaintiff missed those scheduled shifts without providing notice to Defendant.  Between January 20 and 26, Ms. Rosebrough made repeated attempts to contact Plaintiff.  (Doc. 86-5 ¶ 5.)  On January 26, Ms. Rosebrough sent a letter to Plaintiff notifying him that Defendant would assume that he abandoned his position in accordance with the attendance policy if she did not hear from him by February 1.  (Doc. 86-8.)  Plaintiff failed to contact Defendant by February 1.  Plaintiff was also scheduled to work on February 3, 4, 8, and 9.  (Doc. 86-7.)

On February 10, Plaintiff was released from jail and called Ms. Rosebrough.  He told Ms. Rosebrough that he was undergoing medical treatment during his month-long absence from work. (Doc. 86-5 ¶ 7.)  When asked why he did not communicate with Defendant, Plaintiff stated that he had been incarcerated.  (*Id.*)  Plaintiff was suspended without pay at that time.  Defendant sent Plaintiff a medical records release authorization to obtain information on his treatment during his long absence.   Plaintiff was only treated on January 13 and January 24 while incarcerated. (Plaintiff Depo. at 81:4–82:6; 130:7–20.)  Based on the medical records, Defendant determined that the reason for Plaintiff's failure to communicate or provide notice of his absence on several days that he was scheduled was due to his incarceration and not because of his medical condition. (Doc. 86-5 ¶ 10.)  Defendant terminated Plaintiff's employment on March 25, 2021 for failing to comply with Defendant's attendance procedures.  (Doc. 86-11.)

Defendant Westlake uses Lincoln Financial Group ("Lincoln") to administer benefits, including Family and Medical Leave Act ("FMLA") leave and short term disability benefits.  On February 16, Lincoln sent Plaintiff a letter stating that his request for leave had not yet been

approved and asked him to complete the authorizations.  (Doc. 88-7.)  On March 4, Lincoln sent a letter to Plaintiff informing him that his request for leave was denied because Plaintiff "did not submit and/or fully complete the required documents for [his] leave."  (Doc. 86-10.)  Plaintiff contends that his FMLA leave was approved by Lincoln and that this is supported by Lincoln's records.  (Doc. 88-8.)  That document, however, identifies the requested leave period but does not indicate that the leave was approved for the time period.  Notably, the document also shows that leave was denied and that the determination date was March 4, which also coincides with the letter sent to Plaintiff denying leave.  (*Id.*)

Plaintiff's remaining claim against Defendant is FMLA retaliation.  (*See* Docs. 55, 57, 79, 83.)  Defendant moves for summary judgment on Plaintiff's claim.

## II.     Standard

Pro Se Status.  The court is mindful that Plaintiff appears pro se.  As a pro se litigant, Plaintiff's pleadings are to be construed liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this does not alleviate Plaintiff's burden of coming forward with evidence to support his claims as required by Federal Rule of Civil Procedure 56 and Local Rule 56.1. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). Even pro se plaintiffs must present some "specific factual support" for their allegations.  *Id.*   Further, the court may not assume the role of advocate for the pro se litigant.  *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999).

Summary Judgment.  Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;

the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Conclusory allegations are not sufficient to create a dispute as to an issue of material fact. *See Hall*, 935 F.2d at 1110. When facing summary judgment, a plaintiff cannot rest upon his complaint to satisfy his burden. *Anderson*, 477 U.S. at 256. The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

## III.   Analysis

To prevail on his claim of FMLA retaliation, Plaintiff must prove the following: "(1) he engaged in a protected activity by taking FMLA-protected leave; (2) [Defendant] took a materially adverse action against him; and (3) the circumstances permit an inference of causal connection between the two events." *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 540 (10th Cir. 2014). Here, Defendant moves for summary judgment on the basis that Plaintiff did not engage in protected activity. The court agrees.

In order to successfully state a claim of FMLA retaliation, Plaintiff must have engaged in protected activity by availing himself of his right to take FMLA leave. *See id.*; *Ney v. City of Hoisington, Kan.*, 508 F. Supp. 2d 877, 886–88 (D. Kan. 2007), *aff'd sub nom. Ney v. City of Hoisington, Kan.*, 264 F. App'x 678 (10th Cir. 2008). Plaintiff argues that he was on FMLA leave from January 7, 2021 to February 16, 2021. Plaintiff asserts that even if he was not on leave, Defendant's knowledge of his need for medical leave is sufficient to establish his claim. (Doc. 88 at 1.)

Here, the undisputed facts show that Plaintiff was never placed on FMLA leave. Defendant was aware of Plaintiff's illness and had excused some absences under vacation leave as requested by Plaintiff. However, Plaintiff failed to submit the required paperwork for Defendant to

5

determine whether FMLA leave was appropriate.  Plaintiff does not dispute the fact that he never returned the FMLA paperwork to Defendant.  "The case law and pertinent regulations make clear that in order for a plaintiff to 'avail' [himself] of the FMLA, [he] must fill out the appropriate paperwork and actually elect to take such leave." *Ney*, 508 F. Supp. 2d at 887; *see also Flanagan v. ScriptPro, LLC*, No. 2:17-CV-02586-HLT, 2019 WL 1003403, at *8 (D. Kan. Feb. 28, 2019). Plaintiff did not do so here.  As the Tenth Circuit has stated, "leave taken by an employee who fails to provide requested certification 'is not FMLA leave.'" *Ney*, 264 F. App'x at 682 (quoting 29 C.F.R. § 825.312(b)).

Plaintiff's argument that Defendant's knowledge of his illness is sufficient for FMLA leave is not supported by authority.  The fact that an employee may suffer from an illness does not mean that he is entitled to FMLA leave nor does it establish protected activity.[2]  Rather, the employee must request leave and provide a certification that would ultimately lead to a conclusion that the employee had a serious health condition that prevented the employee from working.  *Id.*  The undisputed facts in this case show that Plaintiff had not submitted the FMLA paperwork and he was not on FMLA leave at the time he failed to report to work in violation of Defendant's policies. Moreover, a review of Plaintiff's health records after his release from jail shows that his failure to report for work was due to being incarcerated and not because he was unable to work due to his medical condition.

Therefore, because Plaintiff did not engage in protected activity, Plaintiff cannot establish a prima facie case of FMLA retaliation.[3]

---

[2] Plaintiff's claim of FMLA interference was dismissed for failing to sufficiently state a claim.  (Docs. 15, 44, 55.)

[3] Even if the court were to determine that Plaintiff established a prima facie case of retaliation, Plaintiff has not put forth evidence of pretext.  The undisputed evidence is that Plaintiff was terminated for failing to contact Defendant when he was scheduled to work despite repeated attempts by Defendant to contact Plaintiff.  Moreover, Plaintiff was not seeking medical care during his scheduled work shifts.  Plaintiff has not put forth evidence that his termination was in retaliation for taking or requesting FMLA leave.

## IV.    Conclusion

Defendant's motion for summary judgment (Doc. 85) is GRANTED.

IT IS SO ORDERED.  Dated this 24th day of March 2026.

__ _s/ John Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE
